UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:01CR-25-01-R

MAX PARRISH

v.

UNITED STATES OF AMERICA

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Max Parrish's motion seeking re-sentencing in consideration of *United States v. Booker* (Docket #167). The United States has responded (Docket #169). This matter is now ripe for adjudication. For the following reasons, the Petitioner's motion is **DENIED**.

Petitioner Parrish argues that since his sentence the Sentencing Guidelines range under which he was sentenced had been subsequently lowered by the sentencing commission. Parrish claims that under 18 U.S.C. §3582 ( c)(2), the Court may modify the term of his imprisonment if the sentencing range was lowered after his sentencing. Parrish was sentenced in 2002 under the guideline from section 3B1.2 as it related to 1B1.3. However, the amendment that Parrish refers came into effect on November 1, 2001, before the Petitioner was sentenced. As such, any lowering of the sentencing guideline would have been in effect at the time of Parrish's sentencing.

Additionally, the Government correctly contends that even if the statute could be interpreted as retroactive under Title 28 U.S.C. §2255, that statute provides a one-year time frame to file motions for post-conviction relief after sentencing with certain exceptions. The one year window for Parrish to have brought this claim under 28 U.S.C. §2255(1) has expired since Parrish was sentenced in 2001, and he filed this motion over four (4) years later in 2005.

Further, Parrish has not claimed any impediment or newly discovered evidence as required in §2255(2) and (4), respectively.  The remaining section where Parrish may seek relief under §2255 comes from paragraph three (§2255(3)), which permits reconsideration in sentencing where a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  However, as argued by the Government, the Sixth Circuit has recently determined that "Booker 's rule does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).  As such, section three of §2255 does not permit reconsideration of Petitioner's sentencing.

      Therefore, for the foregoing reasons, the Petitioner's motion is **DENIED**.

      An appropriate order shall issue.